```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA


ANDREW PERRONG, Individually    :
And on behalf of a class of     :   CIVIL ACTION
all persons and entities        :
similarly situated,             :
                                :   NO. 20-CV-2506
         Plaintiff              :
                                :
         Vs.                    :
                                :
QUOTEQIZARD.COM, LLC,           :
                                :
         Defendant              :
```

## MEMORANDUM AND ORDER

**JOYNER, J.**                                            **August  26 , 2020**


Presently before the Court are Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. Nos. 12(b)(1) and 12(b)(6) for lack of standing and failure to state a plausible claim for relief against them (Doc. No. 16), Plaintiff's Response in Opposition (Doc. No. 17), and Defendant's Sur-Reply in further support thereof. (Doc. No. 18). For the following reasons, the Court will deny the Motion to Dismiss.

### Factual Background

This case was initiated by the plaintiff, Andrew Perrong, a Pennsylvania resident against Quotewizard.com, LLC

(QuoteWizard), a Delaware limited liability corporation with its principal place of business in Seattle, WA, pursuant to the Telephone Consumer Protection Act, 47 U.S.C. Section 227 ("TCPA").  In his Complaint, Plaintiff alleges that the TCPA, which renders it unlawful to "make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automated telephone dialing system or an artificial or pre-recorded voice … ," was enacted to prevent nuisance telemarketing calls and that Defendant, a telemarketer, sent a pre-recorded message to him without consent.  (Pl's Compl., paragraphs 1-3).  Plaintiff further avers that because telemarketing campaigns generally result in the placement of "hundreds of thousands or even millions" of calls to "potential customers *en masse*," he therefore is endeavoring to bring this action on behalf of a nationwide class of individuals who have received similar illegal calls "from or on behalf of Defendant."  (Compl., para. 3).  Plaintiff submits that this Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. Section 1331 and that venue is proper in this district as he resides here and the telemarketing call to him was placed here.

As to the particulars of his own claim, Plaintiff alleges that on April 17, 2020 at 3:02 p.m., he received one of these prohibited calls from an "Avatar," which identified itself as

"Danny" with "Cheap Insurance Rates Online."  (Compl., para. 23).  Plaintiff responded to the prompts from the "Avatar" in an effort to receive a follow-up call as he suspected that "Cheap Insurance Rates Online" was not the true company behind the call.  (Compl., 30).  Plaintiff provided the Avatar with false vehicle information and a mis-transcribed name – "Andy Terrong," and requested a follow-up to the call.  Plaintiff avers that he provided this incorrect information so that if there were a follow-up, he would be able to discern that the preliminary information was gathered during this particular phone call.  (Compl., para. 32).  Approximately three hours later, Plaintiff received an email from Geico Insurance Company addressed to Andy Terrong and stating that Geico had received his information from its "partner site, QuoteWizard."  (Compl., para. 34).  Plaintiff alleges that he has never submitted any information to QuoteWizard's website.  (Compl., para. 35).

By his Complaint, Plaintiff claims that he, along with potentially "hundreds of thousands or even millions"[1] of others suffered injury by being "temporarily deprived of the use of their phones because the phone line was tied up … and their

---

[1] Specifically, in paragraph 3, Plaintiff avers: "Because telemarketing campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse*, the Plaintiff brings this action on behalf of proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of Defendant."

privacy was improperly invaded," and because the calls were frustrating, obnoxious, annoying, a nuisance and disturbed their solitude. (Compl., para. 36). Plaintiff therefore seeks to bring this action on behalf of a class of individuals impacted by pre-recorded calls from Defendant pursuant to Fed. R. Civ. P. 23(b)(2) and/or (b)(3). He seeks both injunctive relief prohibiting the defendant from placing telephone calls using a pre-recorded voice and monetary damages in the amount of $500 for each violation of the TCPA. (Compl., para. 63). In response, Defendant QuoteWizard moves to dismiss this matter in its entirety on the grounds that Plaintiff lacks standing and his complaint fails to state a claim upon which relief may be granted.

### Standards Governing Motions to Dismiss

Fed. R. Civ. P. 12(b) offers a variety of means by which a Defendant may seek dismissal of an action against it and motions to dismiss on the pleadings pursuant to Rule 12(b) are often confused with one another. Mortensen v. First Federal Savings & Loan Assoc., 549 F.2d 884, 890 (3d Cir. 1977). "The basic difference among the various 12(b) motions is … that 12(b)(6) alone necessitates a ruling on the merits of the claim [and] the others deal with procedural defects." Id, at 891. Rule 12(b)(6) permits dismissal of a complaint for "failure to state a claim upon which relief can be granted" and "[t]he question is

not whether plaintiffs will ultimately prevail but whether the complaint was sufficient to cross the federal court's threshold" requiring that it contain "well-pled factual allegations which, taken as true, are enough to raise a right to relief above the speculative level." Renfro v. Unisys Corp., 671 F.3d 314, 320 (3d Cir. 2011)(quoting Skinner v. Switzer, 562 U.S. 521, 530, 131 S. Ct. 1289, 1296, 179 L. Ed.2d 233 (2011) and Bell Atlantic v. Twombly, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed.2d 929 (2007)).  In determining whether to grant a motion to dismiss, a federal court must construe the complaint liberally, accept all factual allegations in the complaint as true, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.  Cheney v. Daily News, L.P., No. 15-2251, 2016 U.S. Dist. LEXIS 13183, 654 Fed. Appx. 578, 580 (3d Cir. July 19, 2016); Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008).

"The procedure under a motion to dismiss for lack of subject matter jurisdiction is quite different" and a 12(b)(1) motion may attack the complaint on its face (facial attack) or may challenge the existence of subject matter jurisdiction quite apart from the pleadings (factual attack).  Mortensen, 549 F.2d at 891.  As a facial attack questions the sufficiency of the pleadings, "the court must only consider the allegations of the complaint and documents referenced therein and attached thereto,

in the light most favorable to the plaintiff."  Gould Electronics, Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000).  When a defendant attacks subject matter jurisdiction "in fact" (meaning it disputes the existence of certain jurisdictional facts alleged by the plaintiff), the Court is free to weigh the evidence and satisfy itself whether it has power to hear the case.  Carpet Group International v. Oriental Rug Importers Association, 227 F.3d 62, 69 (3d Cir. 2000), *overruled in part on other grounds*, Animal Science Products, Inc. v. China Minmetals Corp., 654 F.3d 462 (3d Cir. 2011).  "In that situation, 'no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.'"  Id, at 70 (quoting Mortensen, supra, at 891).  A plaintiff bears the burden of demonstrating subject matter jurisdiction.  McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 183, 56 S. Ct. 780, 782, 80 L. Ed.2d 1135 (1936); Lightfoot v. United States, 564 F.3d 625, 627 (3d Cir. 2009).  And "named plaintiffs who represent a class 'must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.'" Lewis v. Casey, 518 U.S. 343, 357, 116 S. Ct. 2174, 2183, 135 L. Ed.2d 606 (1996) (quoting Simon v.

Eastern Ky. Welfare Rights Organization, 426 U.S. 26, 40, 96 S. Ct. 1917, 48 L. Ed.2d 450 (1976) and Warth v. Seldin, 422 U.S. 490, 502, 95 S. Ct. 2197, 45 L. Ed.2d 343 (1975)).

## Discussion

As noted, Defendant moves to dismiss Plaintiff's proposed class action complaint on the grounds that it fails to (1) allege sufficient grounds to establish subject matter jurisdiction on its face, and (2) to show that he has a plausible claim for relief against the defendant.  Turning first to Defendant's motion under Rule 12(b)(1), we find that it is a facial attack, the substance of which is Plaintiff's alleged failure to allege any connection between Defendant QuoteWizard and the purportedly illegal phone call placed to Plaintiff. Thus, according to Defendant, Plaintiff cannot establish the requisite Article III standing to proceed further.

"Article III of the Constitution limits the scope of the Federal judicial power to the adjudication of 'cases' or 'controversies.'"  In re Schering-Plough Corp., 678 F.3d 235, 244 (3d Cir. 2012)(quoting Allen v. Wright, 468 U.S. 737, 750, 104 S. Ct. 3315, 82 L. Ed.2d 556 (1984)).  In turn, "[t]he courts have developed several justiciability doctrines to enforce the case-or-controversy requirement," the most significant of which is the requirement that a "litigant have 'standing' to invoke the power of a federal court."  Id.  "The

plaintiff bears the burden of meeting the 'irreducible constitutional minimum' of Article III standing by establishing three elements:

> First, the plaintiff must have suffered an injury in fact –
> an invasion of a legally protected interest which is (a)
> concrete and particularized and (b) actual or imminent, not
> conjectural or hypothetical.  Second, there must be a
> causal connection between the injury and the conduct
> complained of – the injury has to be fairly traceable to
> the challenged action of the defendant, and not the result
> of the independent action of some third party not before
> the court.  Third, it must be likely, as opposed to merely
> speculative, that the injury will be redressed by a
> favorable decision.

Id,(quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61, 112 S. Ct. 2130, 119 L. Ed.2d 351 (1992)).  Here, the legally protected interest which Plaintiff submits was invaded arises out of the Telephone Consumer Protection Act, 47 U.S.C. Section 227 (TCPA), subsections (b)(1)(A)(iii) and (b)(1)(B), in particular. Specifically, those subsections read as follows in relevant part:

> **(b)  Restrictions on use of automated telephone equipment.**
>
> > **(1)** Prohibitions.  It shall be unlawful for any person
> > within the United States, or any person outside the
> > United States if the recipient is within the United
> > States –
> >
> > > **(A)**  to make any call (other than a call made for
> > > emergency purposes or made with the prior
> > > express consent of the called party) using
> > > any automatic telephone dialing system or an
> > > artificial or prerecorded voice –
> > >
> > > > **(iii)** to any telephone number assigned to a
> > > > paging service, cellular telephone service,

> specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States;
>
> …
>
> **(B)** to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes, is made solely pursuant to the collection of a debt owed to or guaranteed by the United States, or is exempted by rule or order by the Commission under paragraph (2)(B).

Under Section 227(b)(3), a private right to initiate a legal action in an appropriate court based on a violation of the statute or any regulations promulgated thereunder is conferred on "a person or entity" … "to enjoin such violation" … "or to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater," or both.  47 U.S.C. Section 227(b)(3)(A) – (C).  "To state a cause of action under the TCPA, a plaintiff must allege that (1) a call was made; (2) the caller used an Automatic Telephone Dialing System or artificial or prerecorded voice; (3) the telephone number called was assigned to a cellular telephone service" [or residential telephone line]; "and (4) the caller did not have prior express written consent of the recipient."

Shelton v. National Gas & Electric, LLC, Civ. A. No. 17-4063, 2019 U.S. Dist. LEXIS 59235, 2019 WL 1506378 at *25 (E.D. Pa. April 5, 2019); Richardson v. Verde Energy USA, Inc., Civ. A. No. 15-6325, 2016 U.S. Dist. LEXIS 175642 at *5 (E.D. Pa. Dec. 19, 2016)(citing 47 U.S.C. Section 227(b)(1)(A)(iii) and 47 C.F.R. Section 64.1200(a)(1)).

In application of all of the preceding principles to the matter now before us, we find Plaintiff's Complaint sufficiently alleges facts which, assumed to be true, establish Article III standing and state a cause of action under the TCPA against Defendant upon which relief could be granted.  In particular, Plaintiff avers that his residential telephone number is on the National Do Not Call registry and he has never consented to the receipt of pre-recorded, computer-generated telephone marketing calls but that despite his registry, on April 17, 2020, he received a pre-recorded call on that phone line from a computer-generated artificial intelligence-created Avatar called "Danny" from "Cheap Insurance Rates Online."  (Pl's Compl., para. 3, 26-29).  Plaintiff's complaint further alleges that, in the hope of learning the identity of the entity behind the call, he interacted with the Avatar and, after confirming his contact information, provided it with certain, distinctive but false information: that he was the

owner of a 2010 Ford Explorer and that his name was "Andy Terrong." (Compl., para. 30-32). Plaintiff contends that he did this because he feared that providing it with true data would lead to the company initiating the call to deny that it had ever been made and because he believed that the distinctive mis-information which he supplied would make any follow-up contacts that he received traceable. (Compl., para. 31-32). Some three hours later, Plaintiff avers that he did in fact receive an email solicitation from Geico Insurance Co. with the quote addressed to "Andy Terrong" and advising that it was contacting him because he had provided his information to Geico's "partner site, QuoteWizard." (Compl., para. 33-34). The Complaint avers that Plaintiff never provided any information to QuoteWizard's website and that QuoteWizard is in the business of selling leads to insurance agents and providing those agents with potential customers and new business, that to generate new leads, it relies on telemarketing and that one of the telemarketing strategies used by Defendant is "the use of pre-recorded telemarketing calls to solicit potential customers either directly or via third party vendors which it retains to make telemarketing calls on its behalf." (Compl., para. 22-24, 35). Finally, Plaintiff alleges that he and other call recipients were harmed by

this and similar calls in that they were deprived of the legitimate use of their phones, albeit temporarily, and because the calls were a nuisance, annoying, frustrating, obnoxious and disrupted their solitude. (Compl., para. 36).

We find that these allegations clearly comport with the pleading requirements set forth in the TCPA and more clearly outlined in the Shelton and Richardson cases. We therefore find no merit whatsoever in Defendant's argument that the complaint fails to state a viable and factually plausible claim upon which relief may be granted and for this reason, the motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is denied.

We likewise find that the Complaint more than adequately alleges that Plaintiff, and potentially a class of similarly situated individuals, suffered an invasion of their legally protected interest as codified in the TCPA and thus suffered a concrete and particularized, non-hypothetical injury in fact and that the complaint contains enough factual averments to make out a causal connection between the defendant identified here – QuoteWizard, and the complained-of telephone solicitation such that the plaintiff's injury can be said to be fairly traceable to QuoteWizard's business activity. Accordingly, the

requisite nexus between the April 17, 2020 call to Plaintiff and the Defendant's action (as opposed to a third party not before the Court) has been sufficiently pled. Third, given that the relief sought by Plaintiff is that prescribed by the statute itself, we find that it is indeed likely, as opposed to merely speculative, that the alleged injury will be redressed by a favorable decision.  As a consequence, Plaintiff has adequately alleged facts which, taken as true, would confer standing to sue upon him pursuant to Article III.  The motion to dismiss under Rule 12(b)(1) is therefore also properly denied.

## Conclusion

For all of the above-stated reasons, Defendant's Motions to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (12(b)(6) are denied.

An Order follows.