IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW PERRONG, *individually and on behalf of a class of all persons and entities similarly situated*,<br><br>               Plaintiff,<br><br>   v.<br><br>QUOTEWIZARD.COM, LLC,<br><br>               Defendant. | Case No.  2:20-cv-2506-JCJ |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

      Now Comes Defendant QuoteWizard.com, LLC ("QuoteWizard") and hereby answers Plaintiff Andrew Perrong's ("Plaintiff") Complaint [ECF No. 1] as follows by denying each and every allegation not specifically admitted herein and by further responding as follows:

**Preliminary Statement**

      1.      Paragraph 1 of the Complaint does not state a factual allegation to which a response is required.  To the extent a response is required, QuoteWizard expressly denies that it violated the Telephone Consumer Protection Act ("TCPA"), and further denies that Plaintiff and any of the alleged class members are entitled to relief under the TCPA.

      2.      Denied. Further answering, QuoteWizard did not contact Plaintiff as alleged.

      3.      Denied.  Further answering, QuoteWizard did not contact Plaintiff as alleged.

      4.      Denied. Further answering, QuoteWizard states that Plaintiff's class allegations fail to state sufficient class allegations under applicable law, fail to satisfy any of the express and implicit requirements of Federal Rules of Civil Procedure 23(a) and 23(b), and that Plaintiff is not a member of the proposed class.

**PARTIES**

5.  QuoteWizard lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 5.

6.  QuoteWizard admits only that it is a Delaware corporation with its principal place of business in Seattle, Washington. QuoteWizard specifically denies that it "engage[d] in telemarketing into this District, as it did with the Plaintiff."

**JURISDICTION AND VENUE**

7.  Denied.  QuoteWizard affirmatively states that this Court lacks subject matter jurisdiction over Plaintiff's Complaint.

8.  Denied.

**THE TELEPHONE CONSUMER PROTECTION ACT**

9.  Paragraph 9 of the Complaint does not contain factual allegations to which a response is required.  To the extent a response is required, QuoteWizard denies that Plaintiff has Article III standing or prudential standing to bring a TCPA claim against QuoteWizard, further denies that it violated the TCPA, and denies that Plaintiff or any alleged class member is entitled to any damages or remedies thereunder.

10. Paragraph 10 of the Complaint does not contain factual allegations to which a response is required.  To the extent a response is required, QuoteWizard denies that Plaintiff has Article III standing or prudential standing to bring a TCPA claim against QuoteWizard, further denies that it violated the TCPA, and denies that Plaintiff or any alleged class member is entitled to any damages or remedies thereunder.

11. Paragraph 11 of the Complaint does not contain factual allegations to which a response is required.  To the extent a response is required, QuoteWizard denies that Plaintiff has

Article III standing or prudential standing to bring a TCPA claim against QuoteWizard, further denies that it violated the TCPA, and denies that Plaintiff or any alleged class member is entitled to any damages or remedies thereunder.

12. Paragraph 12 of the Complaint does not contain factual allegations to which a response is required. To the extent a response is required, QuoteWizard denies that Plaintiff has Article III standing or prudential standing to bring a TCPA claim against QuoteWizard, further denies that it violated the TCPA, and denies that Plaintiff or any alleged class member is entitled to any damages or remedies thereunder.

13. Paragraph 13 of the Complaint does not contain factual allegations to which a response is required. To the extent a response is required, QuoteWizard denies that Plaintiff has Article III standing or prudential standing to bring a TCPA claim against QuoteWizard, further denies that it violated the TCPA, and denies that Plaintiff or any alleged class member is entitled to any damages or remedies thereunder.

14. Paragraph 14 of the Complaint does not contain factual allegations to which a response is required. To the extent a response is required, QuoteWizard denies that Plaintiff has Article III standing or prudential standing to bring a TCPA claim against QuoteWizard, further denies that it violated the TCPA, and denies that Plaintiff or any alleged class member is entitled to any damages or remedies thereunder. QuoteWizard also denies that it called Plaintiff or alleged class members using an autodialer or prerecorded telemarketing calls or robocalls.

15. Paragraph 15 of the Complaint does not contain factual allegations to which a response is required. To the extent a response is required, QuoteWizard denies that Plaintiff has Article III standing or prudential standing to bring a TCPA claim against QuoteWizard, further denies that it violated the TCPA, and denies that Plaintiff or any alleged class member is entitled

to any damages or remedies thereunder.  QuoteWizard also denies that it made telemarketing calls or robocalls to Plaintiff or the proposed class members.

16. Paragraph 16 of the Complaint does not contain factual allegations to which a response is required.  To the extent a response is required, QuoteWizard denies that Plaintiff has Article III standing or prudential standing to bring a TCPA claim against QuoteWizard, further denies that it violated the TCPA, and denies that Plaintiff or any alleged class member is entitled to any damages or remedies thereunder.  QuoteWizard also denies that it made any "unwanted calls" to Plaintiff or the alleged class members.

17. Paragraph 17 of the Complaint does not contain factual allegations to which a response is required.  To the extent a response is required, QuoteWizard denies that Plaintiff has Article III standing or prudential standing to bring a TCPA claim against QuoteWizard, further denies that it violated the TCPA, and denies that Plaintiff or any alleged class member is entitled to any damages or remedies thereunder.  QuoteWizard also denies that it made "robocalls" to Plaintiff or the proposed class members.

18. Paragraph 18 of the Complaint does not contain factual allegations to which a response is required.  To the extent a response is required, QuoteWizard denies that Plaintiff has Article III standing or prudential standing to bring a TCPA claim against QuoteWizard, further denies that it violated the TCPA, and denies that Plaintiff or any alleged class member is entitled to any damages or remedies thereunder.  Plaintiff further denies that it made "illegal telemarketing" calls or "robocalls" to Plaintiff or the alleged class members.

19. Paragraph 19 of the Complaint does not contain factual allegations to which a response is required.  To the extent a response is required, QuoteWizard denies that Plaintiff has Article III standing or prudential standing to bring a TCPA claim against QuoteWizard, further

denies that it violated the TCPA, and denies that Plaintiff or any alleged class member is entitled to any damages or remedies thereunder. QuoteWizard also denies that it made "robocalls" to Plaintiff or the proposed class members.

20. Paragraph 20 of the Complaint does not contain factual allegations to which a response is required. To the extent a response is required, QuoteWizard denies that Plaintiff has Article III standing or prudential standing to bring a TCPA claim against QuoteWizard, further denies that it violated the TCPA, and denies that Plaintiff or any alleged class member is entitled to any damages or remedies thereunder. QuoteWizard also denies that it made "robocalls" to Plaintiff or the proposed class members.

21. Paragraph 21 of the Complaint does not contain factual allegations to which a response is required. To the extent a response is required, QuoteWizard denies that Plaintiff has Article III standing or prudential standing to bring a TCPA claim against QuoteWizard, further denies that it violated the TCPA, and denies that Plaintiff or any alleged class member is entitled to any damages or remedies thereunder. QuoteWizard also denies that it made "unwanted calls" to Plaintiff or the proposed class members.

## FACTUAL ALLEGATIONS

22. Denied.

23. Denied.

24. Denied.

25. Paragraph 25 of the Complaint states a legal conclusion to which no response is required.

26. QuoteWizard admits that the telephone number identified is associated with Plaintiff. QuoteWizard denies that it is a "residential" line.

27. QuoteWizard lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 27 that the telephone number identified is presently listed on the National Do Not Call Registry.  Further answering, QuoteWizard denies that the telephone number qualifies as a "residential" line.

28. QuoteWizard lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 28.  Further answering, QuoteWizard affirmatively states that it did not make, cause to make, direct, or have any involvement in the alleged call referenced in Paragraph 28.  QuoteWizard further affirmatively states that "Danny" and/or "Cheap Insurance Rates Online" was not acting as its agent when he/it made the alleged call.

29. QuoteWizard lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 29.  Further answering, QuoteWizard affirmatively states that it did not make, cause to make, direct, or have any involvement in the alleged call.

30. QuoteWizard lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 30.  Further answering, QuoteWizard affirmatively states that it did not make, cause to make, direct, or have any involvement in the alleged call.

31. QuoteWizard lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 31.  Further answering, QuoteWizard affirmatively states that it did not make, cause to make, direct, or have any involvement in the alleged call.

32. QuoteWizard lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 32.  Further answering, QuoteWizard affirmatively states that it did not make, cause to make, direct, or have any involvement in the alleged call.

33. QuoteWizard lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 33.  Further answering, QuoteWizard states that it

did not send the e-mail referenced in Paragraph 33 of the Complaint, directly or indirectly. QuoteWizard affirmatively states that Geico was not acting as QuoteWizard's agent when it sent the alleged e-mail.

34. QuoteWizard lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 34. Further answering, QuoteWizard states that it did not send the e-mail referenced in Paragraph 34 of the Complaint, directly or indirectly.

35. QuoteWizard lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 35. Further answering, QuoteWizard affirmatively states that it did not make, cause to make, direct, or have any involvement in the alleged call identified in Paragraphs 28 through 32 of the Complaint, nor was the alleged caller acting as QuoteWizard's agent.

36. Denied. Further answering, QuoteWizard affirmatively states that it did not make, cause to make, direct, or have any involvement in the alleged call identified in Paragraphs 28 through 32 of the Complaint, nor was the alleged caller acting as QuoteWizard's agent.

37. QuoteWizard affirmatively states that it did not make, directly or indirectly, any of the alleged communications identified in the Complaint, including the alleged telephone call identified in Paragraphs 28 through 32 of the Complaint, and the alleged e-mail identified in Paragraphs 33 through 34 of the Complaint. QuoteWizard further states that it is not responsible or liable for such alleged communications, and denies that any of the alleged senders/callers were acting as its agent.

38. Denied. QuoteWizard affirmatively states that it did not make, directly or indirectly, any of the alleged communications identified in the Complaint, including the alleged telephone call identified in Paragraphs 28 through 32 of the Complaint, and the alleged e-mail

identified in Paragraphs 33 through 34 of the Complaint. QuoteWizard further states that it is not responsible or liable for such alleged communications, and denies that any of the alleged senders/callers were acting as its agent.

39. Denied. QuoteWizard affirmatively states that it did not make, directly or indirectly, any of the alleged communications identified in the Complaint, including the alleged telephone call identified in Paragraphs 28 through 32 of the Complaint, and the alleged e-mail identified in Paragraphs 33 through 34 of the Complaint. QuoteWizard further states that it is not responsible or liable for such alleged communications, and denies that any of the alleged senders/callers were acting as its agent.

40. QuoteWizard affirmatively states that it did not make, directly or indirectly, any of the alleged communications identified in the Complaint, including the alleged telephone call identified in Paragraphs 28 through 32 of the Complaint, and the alleged e-mail identified in Paragraphs 33 through 34 of the Complaint. QuoteWizard further states that it is not responsible or liable for such alleged communications, and denies that any of the alleged senders/callers were acting as its agent.

41. QuoteWizard affirmatively states that it did not make, directly or indirectly, any of the alleged communications identified in the Complaint, including the alleged telephone call identified in Paragraphs 28 through 32 of the Complaint, and the alleged e-mail identified in Paragraphs 33 through 34 of the Complaint. QuoteWizard further states that it is not responsible or liable for such alleged communications, and denies that any of the alleged senders/callers were acting as its agent.

42. QuoteWizard affirmatively states that it did not make, directly or indirectly, any of the alleged communications identified in the Complaint, including the alleged telephone call

identified in Paragraphs 28 through 32 of the Complaint, and the alleged e-mail identified in Paragraphs 33 through 34 of the Complaint.  QuoteWizard further states that it is not responsible or liable for such alleged communications, and denies that any of the alleged senders/callers were acting as its agent.

       43.     QuoteWizard affirmatively states that it did not make, directly or indirectly, any of the alleged communications identified in the Complaint, including the alleged telephone call identified in Paragraphs 28 through 32 of the Complaint, and the alleged e-mail identified in Paragraphs 33 through 34 of the Complaint.  QuoteWizard further states that it is not responsible or liable for such alleged communications, and denies that any of the alleged senders/callers were acting as its agent.

       44.     QuoteWizard affirmatively states that it did not make, directly or indirectly, any of the alleged communications identified in the Complaint, including the alleged telephone call identified in Paragraphs 28 through 32 of the Complaint, and the alleged e-mail identified in Paragraphs 33 through 34 of the Complaint.  QuoteWizard further states that it is not responsible or liable for such alleged communications, and denies that any of the alleged senders/callers were acting as its agent.

       45.     QuoteWizard affirmatively states that it did not make, directly or indirectly, any of the alleged communications identified in the Complaint, including the alleged telephone call identified in Paragraphs 28 through 32 of the Complaint, and the alleged e-mail identified in Paragraphs 33 through 34 of the Complaint.  QuoteWizard further states that it is not responsible or liable for such alleged communications, and denies that any of the alleged senders/callers were acting as its agent.

**Class Action Allegations**

46. Denied. Further answering, QuoteWizard specifically denies that Plaintiff's class allegations satisfy any of the elements of Fed. R. Civ. P. 23(a) and (b), and denies that Plaintiff is a member of his proposed class.

47. Denied. Further answering, QuoteWizard denies that Plaintiff's class allegations satisfy any of the elements of Fed. R. Civ. P. 23(a) and (b), and denies that Plaintiff is a member of his proposed class.

48. Denied. QuoteWizard further denies that Plaintiff's class allegations satisfy any of the elements of Fed. R. Civ. P. 23(a) and (b), denies that this case is appropriate for alleged class resolution, and denies that Plaintiff is a member of his proposed class.

49. Denied.

50. Denied.

51. Denied. Further answering, QuoteWizard affirmatively states that it did not contact Plaintiff as alleged in the Complaint.

52. QuoteWizard denies that there are questions of law and fact common to Plaintiff and any alleged class. QuoteWizard further denies all subparts of Paragraph 52 of the Complaint.

53. Denied. Further answering, QuoteWizard affirmatively states that it did not contact Plaintiff as alleged in the Complaint.

54. Denied. Further answering, QuoteWizard affirmatively states that it did not contact Plaintiff as alleged in the Complaint. QuoteWizard further affirmatively states that Plaintiff lacks standing to bring his claims against QuoteWizard.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

## Count 1 – Alleged Pre-Recorded Messages (TCPA)

59. QuoteWizard repeats and realleges its responses to the allegations set forth in Paragraphs 1 through 58, as if fully set forth herein.

60. Denied. Further answering, QuoteWizard affirmatively states that it did not make the alleged communications at issue in the Complaint, directly or indirectly, and Plaintiff lacks Article III standing against QuoteWizard.

61. Denied. Further answering, QuoteWizard affirmatively states that it did not make the alleged communications at issue in the Complaint, directly or indirectly, and Plaintiff lacks Article III standing against QuoteWizard.

62. Denied. Further answering, QuoteWizard affirmatively states that it did not make the alleged communications at issue in the Complaint, directly or indirectly, and Plaintiff lacks Article III standing against QuoteWizard.

63. Denied. Further answering, QuoteWizard affirmatively states that it did not make the alleged communications at issue in the Complaint, directly or indirectly, and Plaintiff lacks Article III standing against QuoteWizard. Further answering, QuoteWizard denies that Plaintiff or any of the alleged class members are entitled to the relief requested in the Wherefore Clause and Paragraphs A-E set forth thereunder that follows Paragraph 63 of the Complaint.

## RELIEF SOUGHT

QuoteWizard denies that Plaintiff or any of the alleged class members are entitled to the relief requested in the Wherefore Clause and Paragraphs A-E set forth thereunder that follows Paragraph 63 of the Complaint. QuoteWizard also further denies that Plaintiff and any of the

alleged class members are entitled to single damages, multiple damages, or injunctive relief under the TCPA.

## JURY TRIAL REQUEST

QuoteWizard denies that Plaintiff and any of the alleged class members are entitled to a jury trial as requested in the clause following Paragraph 63 of the Complaint.

## AFFIRMATIVE DEFENSES

### *FIRST AFFIRMATIVE DEFENSE*

Plaintiff's claims fail to state a claim upon which relief may be granted on behalf of himself and any of the alleged class members.

### *SECOND AFFIRMATIVE DEFENSE*

Plaintiff has not sustained any damages.

### *THIRD AFFIRMATIVE DEFENSE*

Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations.

### *FOURTH AFFIRMATIVE DEFENSE*

QuoteWizard denies any allegations not specifically admitted herein, and specifically denies that it violated any applicable law.

### *FIFTH AFFIRMATIVE DEFENSE*

The Complaint is barred, in whole or in part, by the doctrine of laches.

### *SIXTH AFFIRMATIVE DEFENSE*

The Complaint is barred, in whole or in part, by the doctrines of res judicata, claim and issue preclusion, judicial estoppel, estoppel, and waiver.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from relief because, to the extent he has suffered any harm or damages, such harm or damages was the result of his own conduct.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the doctrine of unclean hands.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to any actual or statutory damages under the Telephone Consumer Protection Act.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for multiple damages under the Telephone Consumer Protection Act is barred because QuoteWizard did not violate the TCPA and did not commit any knowing or willful conduct.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because he gave his had valid prior express consent, invitation or permission for QuoteWizard to contact him.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because he or someone acting on his behalf provided valid prior express consent, invitation, or permission to be contacted by QuoteWizard.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because QuoteWizard reasonably relied on the good faith belief that Plaintiff had given valid prior express consent, invitation, or permission for QuoteWizard to contact him.

### FOURTEENTH AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction over this action because Plaintiff lacks Article III standing and prudential standing to bring his claims against QuoteWizard.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's class allegations are barred because each alleged class member gave their valid prior express consent, invitation or permission for QuoteWizard to contact them.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's class allegations for multiple damages under the Telephone Consumer Protection Act is barred because QuoteWizard did not violate the TCPA and did not commit any knowing or willful conduct.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's class allegations fail to satisfy any of the express and implicit requirements of Federal Rules of Civil Procedure 23(a) and 23(b).

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's class allegations fail to state sufficient class allegations under applicable law.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's class allegations are barred because they constitute impermissible fail-safe allegations.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's class allegations are barred because they are insufficiently ascertainable.

*TWENTY-FIRST AFFIRMATIVE DEFENSE*

Plaintiff's class allegations are barred because QuoteWizard reasonably relied on the good faith belief that each alleged class member had given valid prior express consent, invitation, or permission for QuoteWizard to contact them.

*TWENTY-SECOND AFFIRMATIVE DEFENSE*

Plaintiff's claims are barred because QuoteWizard did not make the communications at issue in the Complaint, inclusive of an alleged telephone call and e-mail, nor is QuoteWizard vicariously liable for such communications because it was not involved in, nor did it direct, authorize, or ratify, such alleged communications and actions.

*TWENTY-THIRD AFFIRMATIVE DEFENSE*

Plaintiff's claims are frivolous and lack a good faith basis in fact and/or law.

*TWENTY-FOURTH AFFIRMATIVE DEFENSE*

This Court lacks personal jurisdiction over the class allegations where none of the allegations relate to alleged conduct or harm occurring in Pennsylvania. *See* Fed. R. Civ. P. 12(b)(2).

*TWENTY-FIFTH AFFIRMATIVE DEFENSE*

Plaintiff's class allegations are barred because none of the alleged class members suffered any damages caused by QuoteWizard.

*TWENTY-SIXTH AFFIRMATIVE DEFENSE*

To the extent Plaintiff claims his prior express consent, invitation, or permission was obtained fraudulently, such alleged fraud was not caused by or attributable to QuoteWizard.

*TWENTY-SEVENTH AFFIRMATIVE DEFENSE*

To the extent any alleged class member claims that their prior express consent, invitation, or permission was obtained fraudulently, such alleged fraud was not caused by or attributable to QuoteWizard.

*TWENTY-EIGHTH AFFIRMATIVE DEFENSE*

Plaintiff's claims on behalf of himself and the alleged class members are barred because QuoteWizard did not engage in telemarketing or other communications covered by the Telephone Consumer Protection Act.

*TWENTY-NINTH AFFIRMATIVE DEFENSE*

Plaintiff's claims for injunctive relief on behalf of himself and the alleged class members is barred.

*THIRTIETH AFFIRMATIVE DEFENSE*

Plaintiff's and any alleged class member's damages, if any, are capped by what is allowable by statute under the Telephone Consumer Protection Act only.

*THIRTY-FIRST AFFIRMATIVE DEFENSE*

Venue is not proper in this Court for Plaintiff's class allegations.

*THIRTY-SECOND AFFIRMATIVE DEFENSE*

Plaintiff has named the wrong defendant to this suit, as QuoteWizard did not contact Plaintiff as alleged in the Complaint.

*THIRTY-THIRD AFFIRMATIVE DEFENSE*

QuoteWizard reserves the right to assert additional affirmative defenses as to Plaintiff's claims and the class allegations, including once discovery concludes.

**PRAYER FOR RELIEF**

WHEREFORE, QuoteWizard respectfully requests that Plaintiff's Complaint, inclusive of both his individual and class allegations, be dismissed with prejudice, and that the Court grant QuoteWizard such other and further relief as it deems just and appropriate under the circumstances.

Respectfully submitted,

QuoteWizard.com, LLC,
By its attorneys,

*/s/ Matthew E. Brown*
Matthew E. Brown
PA Federal Bar No. 93541
matt.brown@nelsonmullins.com
Kevin P. Polansky (Admitted *Pro Hac Vice*)
MA Bar No. #667229
kevin.polansky@nelsonmullins.com
Christine M. Kingston (Admitted *Pro Hac Vice*)
MA Bar No. 682962
christine.kingston@nelsonmullins.com
Nelson Mullins Riley & Scarborough LLP
One Post Office Square, 30th Floor
Boston, MA 02109
(t) (617)-217-4700

Dated: September 8, 2020                                (f) (617) 217-4710

CERTIFICATE OF SERVICE

I, Matthew E. Brown, hereby certify that this document has been filed electronically and is available for viewing and downloading from the ECF system. All counsel of record have consented to electronic service and have been served via the ECF system.

Dated: September 8, 2020                     */s/ Matthew E. Brown*

17